## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| | : | |
| **CONNECTICUT STATE POLICE** | : | **Docket No.:** |
| **UNION and CONNECTICUT STATE** | : | |
| **POLICE UNION, ex rel.** | : | |
| **JOHN CASTILINE, and all** | : | |
| **persons similarly situated,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STATE OF CONNECTICUT,** | : | |
| **Kevin Lembo, Comptroller,** | : | |
| **State of Connecticut;** | : | **CIVIL ACTION** |
| **Benjamin Barnes, Secretary** | : | |
| **of Office of Policy and** | : | |
| **Management, State of** | : | |
| **Connecticut; Lisa Grasso** | : | |
| **Egan, Under Secretary of** | : | |
| **Labor Relations for the** | : | |
| **Office of Labor Relations,** | : | |
| **State of Connecticut, and** | : | |
| **Sandra Fae Brown Brewton,** | : | |
| **Assistant Director for the** | : | |
| **Office of Labor Relations** | : | |
| **State of Connecticut** | : | |
| | : | |
| | : | **COMPLAINT** |
| | : | |
| **Defendants.** | : | |
| | : | |

Plaintiffs, Connecticut State Police Union (hereinafter "CSPU") or ("Union"), on behalf of

the Union, and its Individuals, and all persons similarly situated (collectively "Plaintiff" or

"Plaintiffs") by their attorneys complaining against the Defendants hereby aver;

## THE PARTIES AND CLASS ACTION

1. Plaintiffs, Connecticut State Police Union (hereinafter "CSPU") or ("Union"), on behalf of the Union, and its Individuals, and all persons similarly situated (collectively "Plaintiff" or "Plaintiffs") is the recognized collective negotiations representative for all Connecticut State Police, specifically for those employees in the NP-1 bargaining unit pursuant to SE-5982 and SE-7706.

2. John Castiline is a sworn member of the Connecticut State Police, holding the rank of Sergeant and is the President of the Connecticut State Police Union.

3. This action is brought by the CSPU as the recognized Bargaining agent and it is also brought by the union by and through its President, John Castiline on behalf of both current as well as retired employees of the Connecticut State Police.

4. Plaintiffs are or were employees of the Defendant, State of Connecticut.

5. JOHN DOE 1 through 200 are present and past employees of the Defendants and this action is also brought by plaintiffs on their behalf.

6. Plaintiffs seek redress under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. (hereinafter the "Act" or the "FLSA").

7.      Pursuant to section 16(b) of the Act, [29 U.S.C. § 216 (b)], Plaintiffs bring this action on behalf of themselves and other employees similarly situated to themselves as described in the claim set forth herein.

8.      Defendant, State of Connecticut (State), has been established under the Connecticut State Constitution.

9.      The Plaintiffs are or were employees who are or were at all relevant times employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 3(s) of the Act [29 U.S.C. § 203 (s)]. More specifically, each Plaintiff is or was a State Police Officer employed by the Defendants.

10.     At all relevant times herein, the Plaintiffs have been entitled to the rights, protections, and benefits provided by the Fair Labor Standards Act, or "FLSA."

11.     Defendant, State of Connecticut, is an employer as defined by Section 3(d) of the Act [29 U.S.C. § 203 (d) and a "Public Agency" within 29 U.S.C. § 203 Acts]. Upon information and belief Defendants at all relevant times have been aware of the provisions of the "FLSA", as amended 29 U.S.C. § 201 et seq.

12.     The Defendants are an enterprise, as defined by Section 3(r) of the Act. [29 U.S.C. § 203(r)].

13. Plaintiffs seek redress for the failure of the employer Defendants, to pay them properly, as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and Connecticut State Law.

14. The Connecticut State Troopers are represented exclusively for purposes of a Collective Bargaining by C.S.P.U., pursuant to the State Employees Relation Act ("SERA"), Conn. Gen. Stat Section 5-271.

15. The members of the Union are "employees" within the meaning of the "SERA", Conn. Gen. Stat. Section 5-270(b).

16. Defendant Kevin Lembo ("Lembo") is a Comptroller for the State of Connecticut. As such Lembo is a primary official of the State charged with the responsibility of issuing wages to employees of the State and/or its departments, including State Police Bargaining Unit employees and employees of the Connecticut State Police.

17. Defendant Benjamin Barnes is a secretary of the Office of Policy and Management of the State. Pursuant to Connecticut general statutes Barnes is the employer representative in all collective bargaining matters including the negotiation and administration of all collective bargaining agreements and supplemental understandings between the State and employees of the Connecticut State Police and the State of Connecticut Department of Emergency Services and Public Protection.

18.     Defendant Lisa Grasso Egan is the undersecretary for the   Office of labor Relations, a Division of the Office of Policy and Management of the State of Connecticut. By designation of the secretary of the Office of Policy and Management, the Office of Labor Relations is the governor designated representative for bargaining matters for state employees including employees of the State of Connecticut Department of Emergency Services and Public Protection. The undersecretary for the Office of Labor Relations is a primary state official charged with the responsibility for negotiating and administrating collective bargaining agreements and supplemental agreements entered into by the State with labor unions that the State has recognized as bargaining representatives on behalf of the State.

19.     Defendant Sandra Fae Brown-Brewton is the assistant director for the OLR of the state. On information and beliefs on behalf of the State as an employer, on behalf of the OLR and OPM, and as representative of the state, Brown Brewton was the primary OLR official responsible for negotiating with the Connecticut State Police Union the terms and conditions of employment for the 2015 - 2018 collective bargaining agreement between the state and Connecticut state police union that governs all employees in the State Police Bargaining Unit.

20.   Plaintiff, Connecticut State Police Union is a Connecticut corporation with its principle place of business on 500 Main Street East Hartford Connecticut 06118. The Connecticut State Police Union is an employee organization within the meaning of the state employees relations act, Connecticut General Statute sec 5-270(d).

21.   The Connecticut State Police Union has been recognized as the exclusive bargaining representative pursuant to SERA, Connecticut General Statute sec 5-270 and sec 5-280, inclusive, for all employees with job titles and the certified state police bargaining unit who are employed by the State of Connecticut's Department of Emergency Services and Public Protection.

22.   Unit members of the Connecticut State Police Union are employees within the meeting of the State Employee Relations Act, Connecticut General Statutes sec 5-270(b).

## JURISDICTION AND VENUE

23.    Plaintiffs bring this action to recover unpaid compensation as it relates to meal time and other relief under provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. (hereinafter the "Act" or the "FLSA").

24.    Jurisdiction of this action is conferred upon this Court by section 16(b) of the Act [29 U.S.C. § 216(b)] and by 28 U.S.C. § 1337.

25.    Venue of this action is established in this Court by section 16(b) of the Act [29 U.S.C. § 216(b)] and 28 U.S.C. § 1391 (b).

26.    This action rises under the Constitution and Laws of the United States and therefore, this Court's jurisdiction is invoked under 28 U.S.C. § 1331. Jurisdiction is also invoked under 28 U.S.C. § 1348

27.    This is a case of actual controversy in which Plaintiffs seek a declaration of their rights and grant further relief necessary or properly based thereon paid.

28.    Pursuant to Section 1391(b), venue is proper in this Court because the Defendants reside, have offices in, and/or conduct their business in this judicial district, and because the events giving rise to the claims occurred in this judicial district.

29.  This court has supplemental and pendant jurisdiction over all other related claims under Connecticut General Statutes and law.

30.  Pursuant to 29 U.S.C. 2201 and 2201 this Court may declare the rights of plaintiffs and grant further necessary or proper relief based thereon.

31.  Pursuant to 28 U.S.C. 139(b) venue is proper in this Court because the Defendants reside, have offices in, conduct their business in this judicial district and because the events giving rise to the claims occurred in this judicial district.

## RELEVANT FACTUAL AVERMENTS COMMON TO ALL COUNTS

32.  Plaintiff, Connecticut State Police Union, is a labor union and collective bargaining unit within the Defendants, State of Connecticut which represents Connecticut State Troopers.

33.  The Department of Emergency Services and Public Protection, Division of State Police is and was at all times established by the laws of the State of Connecticut pursuant to Connecticut General statutes sec 29-1(b).

34.  At all relevant times herein, the Plaintiffs are members or retired members of the Connecticut State Police Union which is an employee representative of State Troopers.

35.   The CSPU and the State of Connecticut have been parties to a series of Collective Bargaining Agreements, the most recent being from July 1, 2015 through June 30, 2018.

36.   At all relevant times herein, the Defendant, State of Connecticut was an employer within the meaning of the Connecticut Fair Employment Act and the Fair Labor Standard Act as amended sec 29 US Codes Sec 207.

37.   The current contract between the parties denies compensation for time spent working during meal periods.

38.   The Plaintiffs have been denied proper meal time compensation as required by the contract and "FLSA".

39.   Defendants, through their denial of compensation for meal time has denied compensation for members of the Union.

40.   Troopers performing normal duties, and taking normal meal time, have not been receiving pay have been injured in this matter.

41.   The Defendant has failed to timely compensate Plaintiffs for the compensation owed related to meal time.

42.   Connecticut State Troopers predominantly work a nine (9)  hour per day schedule which usually occurs on what is commonly referred to as the 5/3 work schedule.

43.     The 5/3 work schedule refers to a schedule in which Troopers are scheduled for five (5) continuous days of work followed by three (3) consecutive days off.

44.     The schedule which Connecticut State Troopers work under is accomplished under what is commonly referred to as a 7K exemption under the Fair Labor Standards Act.

45.     State Troopers are ordinarily provided with a one ½ hour meal period which has not been counted as time worked, has not been calculated as part of the regular rate of pay and that has not been calculated for purposes of overtime calculation.

46.     During this meal, State Troopers are required to have a radio at all times, are subject to call and cannot leave their area of patrol.

47.     State Troopers are not provided with any type of radio code or other designation in which they can signal that they are off duty.

48.     State Troopers must wear their uniforms at all times and are subject to call at any time by any member of the public or by any supervisory official within the State Police.

49.     During the meal period State Troopers are required to monitor their radio and regularly respond to calls during their meal period.

50.     During the lunch period State Troopers must be made available to be contacted and to be dispatched. State Troopers must take their meal period within their patrol area and must be available for service at all times.

51.     Article 17 of the collective bargaining agreement between the parties (Hours of Work,

Work Schedule and Overtime) provides in relevant part as follows:

**ARTICLE 17**
**HOURS OF WORK, WORK SCHEDULES AND OVERTIME**

**Section One. (a) Basic Workweek**. The regular workweek of all
employees shall be in conformance with C.G.S. Section 5-246,
except, portal to portal time shall be standardized at thirty (30)
minutes for travel from home to duty station and thirty (30) minutes
from duty station to home. Field Personnel shall continue to work
the so-called 5-3 schedule. Certain groups of employees not
traditionally subject to a rotating work schedule, including but not
limited to administrative employees, fire marshals, criminal
investigators, resident troopers, and other personnel on specialized
assignments, shall continue to receive no fewer days off in each
eight week cycle than field employees. The existing one-half hour
unpaid lunch period shall not be counted as time worked. However,
during said meal period officers must be available to be contacted
and dispatched. Patrol Officers are to take their meal period within
their patrol area and must similarly be available to be contacted and
dispatched. The taking of the meal period during the shift is subject
to the operational demands of the Agency.

**Section Thirteen. Meal Periods**. Meal periods shall be scheduled
close to the middle of a shift consistent with the operating needs of
the agency.

**Section Fourteen. Overtime. (a)** The provisions of this Section
shall be interpreted consistent with Section 5-245 except when
specifically provided otherwise.

**(b)** The State will continue to pay overtime to eligible employees
at time and one half for hours worked over 40, except as provided
otherwise in Section 5-245 for employees on rotating shifts and

unscheduled positions and classes, and except for averaging schedules approved by the Director of Labor Relations.

**Section Fifteen.** Employees shall continue to be paid overtime consistent with past practice, although the parties recognize the statutory obligation that all bargaining unit employees be paid overtime in compliance with the provisions of the federal Fair Labor Standards Act (FLSA).

In order to comply, employees shall have the amount of the compensation paid to them reviewed, for purposes of FLSA compliance, based on the rules set forth in 29 CFR Part 553.230, i.e., twenty-eight (28) day work period or one hundred seventy-one(171) hours.

After the payment of overtime according to past practice, an employees' FLSA payment, if any, shall be computed according to rules set forth in 29 CFR Part 553. In computing such payment, only actual time worked shall be counted as hours worked. Furthermore, the FLSA liability shall be offset by the amount of overtime paid to the employee according to past practice for the FLSA work period.

52.     The agreement with the State of Connecticut stipulates that all bargaining unit employees are to be paid overtime in compliance with the provisions of the federal Fair Labor Standards Act.

53.     This stipulation and agreement between the parties constitutes a waiver of any immunity and a waiver of any sovereign immunity or Eleventh Amendment Immunity.

54.   During their meal period State Troopers are not completely relieved from duty during their meal period.

55.   State Troopers are required to remain on call and are not relieved from duties during their meal period.

56.   State Troopers must be available to be contacted and dispatched during their meal periods.

57.   State Troopers have been subjected to limitation on their personal freedom during their meal periods which ignore to the benefit of the employer in this case.

58.   During their meal period State Troopers were subject to    serious    and    substantial limitations and these restrictions produced benefits for the State.

59.   State Troopers were unable to comfortably and adequately utilize their meal times because their attention was devoted primarily to official duties.

60.   State Troopers are required to maintain and protect their law enforcement equipment at all times and are subject to inquiries from the public during their meal periods.

61.   State Troopers are required to either bring their lunch to work and stay at the work site during their meal periods.

62.   State Troopers are required to maintain awareness of all activity in and around their primary job sites and are responsible for the public at all times keeping them safe.

63.     State Troopers must monitor their radio and undertake a multitude of other responsibilities that may arise during the lunch period such as revealing transmissions or reports and discussing their duties with supervisors.

64.     State Troopers are required to perform substantial duties for the benefit of the employer at their regular job sites and State Troopers carry out compensable responsibilities and duties during their lunch period for the majority of their meal period.

65.     State Troopers have been required or permitted to work during their meal period.

66.     Because State Troopers are required to remain at their work station and be on call for any issues that arise, they are required to wear their radios at all times and because their meal periods are frequently interrupted by work demands they have been required or permitted to work during their meal periods in an uncompensated state.

67.     State Troopers time and attention were primarily for the employer's benefit and were not primarily utilized for the procurement and consumption of food.

68.     While the collective bargaining agreement with the employer states that meal periods will not be compensable the Fair Labor Standards Act is preemptive and any contract clause which conflicts with the FLSA's provisions are deemed a nullity.

69.     The meal periods of State Troopers are compensable timer worked under 29 CFR Sec 785.19 and Sec 29 CFR Sec 553.223.

70.  The employer in this case has not included meal period as compensable time for State Troopers in the computation of their pay rates.

71.  The failure to calculate meal periods as compensable time has led to a failure to properly compensate State Troopers for their time worked, has also resulted in failure to properly compensate State Troopers for overtime and has improperly failed to compensate State Troopers concerning their regular rate of pay.

72.  As explained herein, under applicable employment laws, State Troopers are entitled to wages for all hours worked, including payment during meal periods in which they are permitted or required to work and may be required to be provided with premium overtime compensation for such time worked.

73.  This is a statewide collective action on behalf of all State Troopers defined as all individuals covered under the collective bargaining agreement between the Connecticut State Police Union and the State of Connecticut.

74.  Plaintiff Connecticut State Police Union brings this action on behalf of itself as well as on behalf of all current and former State Troopers within the State of Connecticut to recover unpaid compensation pursuant to Federal Fair Labor Standards Act and the Connecticut Minimum Wage Act, Connecticut general statute Sec 31-58 et seq.

75.     Plaintiffs will seek leave to amend this complaint to include the identities of all known

        Plaintiffs. Upon information and belief that all relevant times each Defendant including the

        Doe Defendants 1 through 200 were employees of the Defendants.


**COLLECTIVE CLASS ACTION ALLEGATIONS**

76.     Plaintiff brings this action on behalf of the collective class as a collective action pursuant

        to the Federal Fair Labor Standards Act Sec 216b and on behalf of the Connecticut Class

        as a class action for claims under the Connecticut Minimum Wage Act pursuant to Federal

        Rules Civil Procedure 23.

77.     The claims under the Federal Fair Labor Standards Act may be pursued by those who elect

        to opt into this case pursuant to 29 US Code Sec 216b. The claims under the Connecticut

        Minimum Wage Act may be pursued by all similarly situated persons who chose not to opt

        out of the class respectively pursuant to Federal Rules Civil Procedure 23.

78.     Plaintiffs will fairly and adequately protect the interest of the classes and Plaintiffs has no

        interest that are contrary to or in conflict with members of the class.

79.     A class action/collective action suit such as the instant one is superior to other available

        means for fair and efficient adjudication of this law suit. The damages suffered by

        individual members of the classes may be relatively small when compared to the expense

and burden of litigation making it difficult for members of the class to individually seek redress from the wrongs done to them.

80.     A class and collective action is therefore superior to other methods for the fair and efficient adjudication of the controversy furthermore even if any member of the class could afford individual litigation against defendants it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum would promote judicial economy and imparity under among the claims of individual members of the classes and provide for judicial consistency.

81.     There is a well-defined community of interest in the questions of law and facts affecting the class as a whole. The questions of law in fact, to each member of the class predominant over any questions affecting solely individual members of the action among the common questions of law in fact are:

    A.     Whether the Defendants employed members of the class within the meaning of applicable statues including the Fair Labor Standards Act

    B.     Whether Defendant failed to pay Plaintiff the class all premium overtime compensation due to them by virtue of their uniform improperly compensated meal periods

C.      Whether Defendants failed to pay Plaintiff and members of the class for all hours worked

D.      Whether Defendants violated any other statutory provisions regarding compensation due to Plaintiffs and members of the class.

E.      Whether Plaintiffs and the classes have sustained damages and if so what is the proper measure of damages?

F.      Plaintiffs' claims are typical of the claims of the classes. Plaintiffs and the class have sustained damages arising out of the wrongful uniform employment policies of the Defendants in violation of the FLSA, the CMWA as alleged herein.

82.     At all relevant times the Defendants have been and continue to be an employer or agents of an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

83.     At all relevant times the Defendants employed and/or continues to employ Plaintiffs and each member of the class within the meaning of the FLSA.

84.     As stated herein Plaintiffs and the members of the class regularly and customarily worked an excess of the 7K work period under the Fair Labor Standards Act without receiving compensation for those hours.

85.   Pursuant to the Fair Labor Standards Act Plaintiffs and the members of the class are entitled to unpaid compensation for the hours worked in which they did not receive compensation equal to the federal minimum wage and liquidated damages equal an amount to be proven at trial, together with interests costs and reasonable attorney fees.

86.   Plaintiff brings this suit on behalf of all persons similarly situated composed of those employees in the NP-1 bargaining unit pursuant to SE-5982 and SE-7706 and as further amended by agreement of the parties.

87.   Plaintiff alleges on behalf of the members of the Connecticut State Police Union who elect to opt into this action that they are entitled to unpaid wages from Defendants for hours worked for which they did not receive minimum wages as required by law, are entitled to unpaid wages from defendant for overtime work for which they did not receive overtime premium pay as required by law, are entitled to a proper compensation of their regular rate and their overtime rate and are also entitled to liquidated damages pursuant to the Federal Fair Labor Standards Act 29 US Code Sec 201 et seq.

88.   Plaintiff alleges on behalf of its class members that the Defendant violated the Connecticut minimum wage act by failing to pay them the minimum wage for all hours worked and failing to pay them overtime at the rate of 1 ½ times the employee's regular rate for all hours worked in excess of the 7K work period established within the Federal Fair Labor

Standards Act. As a result of the Defendant's violation of the FLSA and the Connecticut Minimum Wage Act Plaintiffs and the members of the class were unlawfully under compensated for their work.

**CLAIM FOR RELIEF (ON BEHALF OF ALL PLAINTIFFS)**

**COUNT I**
**(FLSA CLAIMS ARISING UNDER A WAIVER OF ELEVENTH AMENDMENT AND WAIVER OF SOVEREIGN IMMUNITY)**

89.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this complaint as it fully set forth herein.

90.     29 U.S.C. § 216(b) establishes employer liability for unpaid compensation and requires timely payment for meal time.

91.     Connecticut State Troopers have not been properly compensated for time spent during meal periods. The failure to properly pay compensation to State Troopers has resulted in a period of work which has remained uncompensated under the Fair Labor Standards Act. 29 US Code Sec 216(b) establishes employer liability for such unpaid compensation.

92.     Connecticut State Troopers have been uncompensated for the meal times which has resulted in a failure to properly calculate their regular rate of pay. The failure to properly calculate the regular rate of pay has resulted in an improper calculation of the overtime rate for State Troopers.

93.     Due to the failure to improperly calculate the regular rate of pay and the overtime rate of pay, State Troopers have been improperly paid an overtime rate for all hours which was compensable as work performed on an overtime basis.

94.     The failure to include meal time in the calculation of when overtime is available to State Troopers has also resulted in a failure to properly compensate and capture all overtime work hours as the meal periods have not been calculated as compensable hours worked. The failure to include meal time as compensable hours of work has resulted in a short fall in the overtime hours calculated. The agreement between the parties specifically indicates that overtime pay would be paid consistent with and in compliance with the Federal Fair Labor Standards Act.

95.     The agreement to compensate employees and to comply with the Fair Labor Standards Act was a contractual term which was ratified by the legislature of the State of Connecticut.

96.     The agreement and the ratification of such agreement by the legislature constitute a waiver of sovereign and/or 11th Amendment immunity by contract or legislation, as well as a waiver of Eleventh Amendment immunity for purposes of Fair Labor Standards Act liability.

97.   Connecticut general statute Sec 5-245(d) provides that "any employee whose position is subject to the Federal Fair Labor Standards Act shall receive any additional compensation for overtime which may be required by the provisions of said act".

98.   Defendant, therefore, is liable to the Plaintiff herein in the amount of Plaintiff's unpaid meal time and additional amount as liquidated damages, and for reasonable attorney's fees, together with the costs and disbursements of this action.

99.   The Defendant failed to provide a reasonable meal time for the Plaintiffs to eat necessary meals during their respective work shifts in violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

100.   The aforementioned, the Defendant as aforesaid was the approximate cause of Plaintiff's injuries and damages.

101.   As a result of the aforementioned conduct for which Defendant is liable, Plaintiff seeks damages by way of compensatory, punitive and other make whole relief including but not limited to attorney fees and costs.

**WHEREFORE**, Plaintiffs herein request from the Court the following relief:

(a)    An order for a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled;

(b)    Judgment against the Defendants awarding each Plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to their unpaid wages, plus appropriate pre-judgment and post-judgment interest;

(c)    Reasonable attorney's fees; and

(d)    The costs and disbursements of this action together with such other and further relief as the Court deems proper.

(e)    A declaration that the Defendants have violated the FLSA and CMWA

(f)    An Order enjoining Defendants from any future violations of the FLSA or CMWA.

(g)    For all other relief the court deems just.

## COUNT II

## FAIR LABORS STANDARDS ACT PROSPECTIVE INJUNCTIVE RELIEF

102.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this complaint as it fully set forth herein.

103.    The collective bargaining agreement with the employer, which was ratified by the Connecticut State Legislature and acknowledges the liability under the Fair Labor Standards Act under federal law.

104.    To the extent that either sovereign immunity or Eleventh amendment immunity may be applicable to this matter, the Plaintiffs bring suit for prospective injunctive and declaratory relief finding that the employer has violated the Fair Labor Standards Act and requiring the employer to prospectively comply with the FLSA.

105.    Plaintiffs request declaratory and prospective injunctive relief which prevents state officials from acting contrary to their obligations under federal law and in excess of their statutory authority concerning state law.

**WHEREFORE**, Plaintiffs herein request from the court the following relief

a.  For an order of declaratory judgment that the Fair Labor Standards Act has been violated and for declaratory and other injunctive relief, prospective in nature, which requires the employer and all state officials to properly compensate State Troopers meal periods for purposes of overtime pay, the regular rate of pay and ordinary compensation.

b.  For reasonable attorney fees

c.  The cost and disbursements of this action together with such other further relief as this court deems proper.

d.  Such other compensatory relief as allowed or limited by any 11th Amendment or Sovereign immunity defenses.

## COUNT III

## WAGE AND HOUR CLAIMS UNDER CONNECTICUT GENERAL STATUTES

106. Plaintiffs incorporate the allegations contained in the previous paragraphs of this complaint as if fully set forth herein.

107. Connecticut general statute Sec 5-245(d) provides that "any employee whose position is subject to the Federal Fair Labor Standards Act shall receive any additional compensation for overtime which may be required by the provisions of said act".

108. Section 5-245 is a provision of the State Personnel Act, general statutes Sec 5-193 et seq and is generally applicable to state employees including Connecticut State Troopers.

109. Connecticut State Troopers are members of a collective bargaining unit and the states statutes governing collective bargaining agreements are applicable in this matter.

110. Connecticut General Statutes Sec 5-270 et seq requires the state employer to bargain in good faith with the employer organization with respect to wages hours and other conditions of employment. General Statutes Sec 5-272(c)

111. Agreements negotiated between an employee organization and the employer must be submitted to the general assembly for review and approval under procedures set out in general statute sec 5-270(b).

112.  The collective bargaining agreement between the State and the Connecticut State Troopers Union was submitted to the general assembly for review and was approved under the usual procedures for such approval.

113.  Connecticut General Statutes Sec 31-72 states in relevant part that "when an employer fails to pay an employee wages in accordance with the provisions of sections 31-71A to 31-71I inclusive, or fails to compensate an employee in accordance with section 31-76K........such employee or labor organization shall recover in a civil action twice the full amount of wages with costs and such reasonable attorneys' fees as may be allowed by the court.

114.  Section 31-76b, Overtime Pay provides in relevant part "hours worked include all time during which an employee is required by the employer to be on the employer's premises or to be on duty, or to be at the prescribed work place, and at all time during which an employee is employed or permitted to work, whether or not required to do so, provided time allowed for meals shall be excluded unless the employee is required or permitted to work. Such time includes, but shall not be limited to, the time when an employee is required to wait on the premises while no work is provided by the employer.

115.    All time during which an employee is required to be on call for emergency service at a location designated by the employer shall be considered to be working time and shall be paid for such work whether or not the employee is actually called upon to work.

116.    Plaintiffs have not been properly compensated for their meal times and have been otherwise denied proper compensation for their time worked during meal periods.

117.    The Defendants have failed to properly compensate Connecticut State Troopers for their meal time which resulted in a failure to properly pay the regular rate of pay,

118.    The failure to properly calculate the regular rate of pay also results in a failure to properly calculate the overtime rate of pay and to properly compensate Connecticut State Troopers for all time worked.

**WHEREFORE**, Plaintiffs herein request from the Court the following relief:

(a)     An order for a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled;

(b)     Judgment against the Defendants awarding each Plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to their unpaid wages, plus appropriate pre-judgment and post-judgment interest;

(c)     Reasonable attorney's fees; and

(d)     The costs and disbursements of this action together with such other and further relief as the Court deems proper.

(e)     A declaration that the Defendants have violated the FLSA and CMWA

(f)     An Order enjoining Defendants from any future violations of the FLSA or CMWA.

(g)     For all other relief the court deems just.

**COUNT IV**

**WAGE AND HOUR LIABILITY CONTRACT CLAIMS**

119.    Plaintiffs incorporate the allegations contained in the previous paragraphs of this complaint as it fully set forth herein.

120.    The current collective bargaining agreement between the Connecticut State Police Union and the State of Connecticut requires that bargaining unit employees are to be paid overtime in compliance with the provisions of the Federal Fair Labor Standards Act.

121.    If a contract contains an illegal provision and such provision is severable, the remainder of the contract after excising the illegal portion, is enforceable so long as the prohibited and valid provisions are severable

122.    To the extent meal periods have not been calculated in a trooper's compensation such contract terms are void.

123.    The State of Connecticut as the employer has failed to compensate employees in accordance with the Federal Fair Labor Standards Act which has been incorporated into the contract by reference.

124.    The employer's failure to abide by the Federal Fair Labor Standards Act by failing to appropriately compensate Connecticut State Troopers for meal periods constitutes a

contract violation and a breach of the terms and conditions of employment recognized by the State of Connecticut.

125.    The Defendants have failed to properly compensate Connecticut State Troopers for their meal time which resulted in a failure to properly pay the regular rate of pay,

126.    The failure to properly calculate the regular rate of pay also results in a failure to properly calculate the overtime rate of pay and to properly compensate Connecticut State Troopers for all time worked.

**WHEREFORE**, Plaintiffs herein request from the Court the following relief:

(a)     An order for a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled;

(b)     Judgment against the Defendants awarding each Plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to their unpaid wages, plus appropriate pre-judgment and post-judgment interest;

(c)     Reasonable attorney's fees; and

(d)     The costs and disbursements of this action together with such other and further relief as the Court deems proper.

(e)     A declaration that the Defendants have violated Collective Bargaining Agreement.

(f)     An Order enjoining Defendants from any future violations of the contract.

(g)     For all other relief the court deems just.

**STATUTE OF LIMITATIONS**

127.    On information and belief, the failure of Defendants to compensate Plaintiffs as required by the FLSA in each of the claims set forth in this complaint was a knowing, willful and/or reckless violation of section 7 of the Fair Labor Standards Act [29 U.S.C. § 207] within the meaning of the applicable statute of limitations [29 U.S.C. § 255 (a)].  To the extent any of the Plaintiffs' claims fall within the statute of limitations period, Defendants are liable for back pay, liquidated damages, attorney's fees and costs and disbursements of this action.

**RECORDS**

128.    The employment and work records for Plaintiffs are in the exclusive possession, custody and control of the Defendants, and Plaintiffs are unable to state precisely at this time the amounts owing to them without access to and examination of the records.  The Defendants are under a duty imposed by 29 U.S.C. section 211 (c)and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiffs from which some of the amounts of Defendants' liability can be ascertained.

## COMMON PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray judgment as follows:

A.    For issuance of a declaratory judgment declaring that

1.    The Defendant's method of calculating compensation for time spent during meal periods violates the Federal Fair Labor Standards Act, the Connecticut General Statutes and the contract between the State and the Connecticut State Police Union where it improperly fails to compensate Plaintiffs for time worked, improperly calculates the regular rate of pay, improperly calculates the overtime rate of pay and improperly calculates the amount of overtime pay due and owing.

2.    For injunctive relief the Plaintiff asks this court to grant a permanent injunction that prohibits Defendants and their officers, employees, agents, assistants, successors, attorneys and all other persons acting in concert or cooperation with them or at their direction or under their control from taking any action which fails to properly compensate the Plaintiffs under the Federal Fair Labor Standards Act concerning the method and manner of calculating compensation for meal periods including the calculation of the regular rate of pay, calculation of the overtime rate and the calculation of the appropriate amount of overtime pay due and owing.

3.     A prospective injunction prohibiting the Defendants, their officers, employees, agents, assistants, successors, attorneys and all other persons acting in concert or in cooperation with them or at their direction or under their control from taking any action which fails to abide or conform with the requirements of the Federal Fair Labor Standards Act concerning proper compensation for meal periods and for prospective injunctive relief requiring Defendants to comply with the Federal Fair Labor Standards Act in all aspects.

**WHEREFORE**, Plaintiffs herein request from the Court the following relief:

(a)    An order for a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled;

(b)    Judgment against the Defendants awarding each Plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to their unpaid wages, plus appropriate pre-judgment and post-judgment interest;

(c)    Reasonable attorney's fees; and

(d)    The costs and disbursements of this action together with such other and further relief as the Court deems proper.


By:_____/S/ ct12299_____
                       Jeffrey L. Ment
                       Federal Bar No: ct12299
                       THE MENT LAW GROUP, LLC
                       225 Asylum Street
                       Hartford, CT  06103-3101
                       Tel. (860) 969-3200
                       Fax: (860) 969-3210
                       E-mail: jment@mentlaw.com

**JURY DEMAND**

Plaintiffs hereby request a jury trial in all issues so triable.

By:_____/S/ ct12299_____

Jeffrey L. Ment
Federal Bar No: ct12299
THE MENT LAW GROUP, LLC
225 Asylum Street
Hartford, CT  06103-3101
Tel. (860) 969-3200
Fax: (860) 969-3210
E-mail: jment@mentlaw.com